| | |
|---|---|
| **MICHAEL McNEILL,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **LANESBORO CORRECTIONAL** | ) |
| **STAFF,** | ) |
| **Defendants.** | ) |
| _____ | ) |

   **THIS MATTER** comes before the Court on initial review of
Plaintiff's civil rights Complaint under 42 U.S.C. §1983 (docu-
ment # 1), filed November 12, 2008, in the United States District
Court for the Eastern District of North Carolina and transferred
to this Court by Order filed February 12, 2009 (document #5). For
the reasons stated herein, Plaintiff's Complaint must be
summarily <u>dismissed</u>.

   Plaintiff is an inmate who currently is being housed at the
Lanesboro Correctional Institution in Polkton, North Carolina.
Plaintiff is no stranger to the federal courts within the State
of North Carolina as he has filed numerous civil rights law suits
with those tribunals.  More particularly, a review of pertinent
Court documents reflects that on April 9, 2008, Plaintiff's civil
rights Complaint was transferred to this Court pursuant to 28
U.S.C. § 1391(b) by Order of the United States District Court for
the Eastern District of North Carolina. (See <u>McNeill v. Stamper,
et al.</u>, 5:08ct3039-D, document # 5).  Such action was filed

pursuant to 28 U.S.C. § 1915(a)[1] and named as defendants several

officers at the Lanesboro Correctional Institution, the Atlantic

Diagnostics of Durham and the North Carolina Department of Cor-

rections.  Ultimately, this Court dismissed the action in its

entirety for Plaintiff's failure to state a claim for relief

against any of the defendants.  (See McNeill v. Stamper et al.,

3:08CV-162-1-MU, document ## 12 and 25).

The record also reflects that on March 26, 2008, Plaintiff

returned to the United States District Court for the Eastern Dis-

trict of North Carolina and filed another civil rights action

against an Officer Jordan and several other officers at the Har-

nett Correctional Institution under 28 U.S.C. § 1915(a). (See

McNeill v. Jordan, et al., 5:08ct3040-FL).  Again, however, that

action was dismissed in its entirety as frivolous. (Id., document

# 4).  Moreover, Plaintiff secured pauper status and appealed

that decision, and his appeal was dismissed as frivolous by the

Fourth Circuit Court of Appeals.  See McNeill v. Jordan, et al.,

No. 08-7080 (4th Cir. Sept. 17, 2008).

Undaunted, on November 12, 2008, Plaintiff again returned to

the United States District Court for the Eastern District of

North Carolina and filed the instant civil rights action against

---

[1]Section 1915(a)(1) provides that subject to subsection (b), any court
of the United States may authorize the commencement, prosecution or defense of
any suit, action or proceeding, civil or criminal, or appeal therein, without
prepayment of fees or security therefore, by a person who submits any affida-
vit that includes a statement of all assets such prisoner possesses that the
person is unable to pay such fees or give security therefor.

Boyd Bennett, Director of the North Carolina Division of Prisons, seeking monetary damages for "false advertisement," and against the "Lanesboro Correctional Administrative Staff" for allegations of deliberate indifference (See McNeill v. Bennett, 5:08CT-3148-FL). Upon its initial review of the matter, the Eastern District Court dismissed Plaintiff's action against Defendant Bennett as frivolous, and transferred the remaining allegations to this Court for disposition. (Id., document # 5). However, this Court has determined that Plaintiff is not entitled to proceed as a pauper with this action because he previously has had at least three of his actions dismissed for frivolity and/or his failure to state a claim for relief therein.

Indeed, 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is fri-volous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Here, the surviving portion of Plaintiff's Complaint attempts to raise claims of deliberate indifference against the Administrative Staff of the Lanesboro Correctional Institution. Nevertheless, Plaintiff has failed to

assert or even to suggest that he is in imminent danger of physical injury.  Therefore, because Plaintiff previously has had at least three of his civil cases dismissed as contemplated under §  1915(g), he has brought the instant action as a pauper under §  1915(a), and he has failed to establish that he should be excepted from the rule), this Court must summarily dismiss the balance of his Complaint.

   **NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Complaint is **DISMISSED** without prejudice.  See 28 U.S.C. §1915(g).

   **SO ORDERED.**


                    Signed: February 17, 2009

                    Graham C. Mullen
                    United States District Judge